IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAPHEAL[1] KING,

    Plaintiff,                    No. CIV S-05-1460 FCD GGH P

    vs.

WILLIAM B. SHUBB,[2] et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is an inmate in county jail awaiting sentencing in federal court before the Honorable William B. Shubb.  Plaintiff has not filed an adequate in forma pauperis affidavit; alternatively, he has failed to pay the filing fee.  However, because this action is one that simply cannot proceed as a civil rights action under 42 U.S.C. § 1983 (or as a Bivens action) or as a motion pursuant to 28 U.S.C. §2255, the court will recommend summary dismissal of this case without requiring any further application with regard to the filing fee.

        Plaintiff purports to have filed a civil rights action against defendants District Judge William B. Shubb, Assistant U.S. Attorney Michelle Rodriguez and Public Defender

---

[1] This is plaintiff's spelling of his name.

[2] The court has corrected plaintiff's misspelling of Judge Shubb's name in the case caption.  Plaintiff has also misidentified Judge Shubb as a magistrate judge.

1  James R. Griner.  Plaintiff alleges that he was prosecuted as a result of perjured testimony before

2  the grand jury in violation of his due process rights.  The relief plaintiff seeks is release from

3  custody.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,[3] and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam)

An action wherein a plaintiff seeks release from custody with respect to a federal court criminal matter could only be characterized as a § 2255 motion; however, plaintiff (as movant) has not met the threshold requirement to challenge the constitutionality of a sentence imposed by a federal court, i.e., a sentence must have been imposed.  See 28 U.S.C. § 2255.  Plaintiff has clearly set forth that his sentence has not yet been imposed.  The court will recommend dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[3] Or a motion pursuant to 28 U.S.C. § 2255.

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/2/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
king1460.dis